Duquette v. Warden, NHSP          CV-04-064-JD  01/06/05

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Randy J. Duquette

       v.                                Civil No. 04-064-JD
                                         Opinion No. 2005 DNH 002
Warden, New Hampshire
State Prison


                            O R D E R


     Randy J. Duquette, proceeding pro se and in forma pauperis,

filed a petition, pursuant to 28 U.S.C. § 2254, for relief from

his conviction and sentence on charges of aggravated felonious

sexual assault and felonious sexual assault.  Following

preliminary review, the magistrate judge recommended that the

petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

Duquette objects to the magistrate's recommendation, has filed an

amended petition, and asks that his claims be considered on the

merits.

     The one-year limitations period in § 2244(d)(1) is not a

jurisdictional bar to a habeas petition, but instead, provides an

affirmative defense.  Neverson v. Farquharson, 366 F.3d 32, 41

(1st Cir. 2004).  In appropriate cases, equitable tolling may

apply to lengthen the time allowed to file a petition.  Id.

Before a court may dismiss a petition sua sponte on the ground

that it is untimely filed, a petitioner must be afforded notice

that such a disposition is possible and an opportunity to

respond.  McMillan v. Jarvis, 332 F.3d 244, 247 (4th Cir. 2003);
Acosta v. Artuz, 221 F.3d 117, 119 (2d Cir. 2000).  In this case,
the magistrate's recommendation of dismissal provided notice, and
Duquette has had an opportunity to respond.

In his request to proceed on the merits, Duquette argues
that the Warden has demonstrated in a filing in a separate civil
rights case filed by Duquette in this court that a factual
dispute exists as to whether his petition was timely filed.
Duquette is mistaken.

The filing Duquette references is "Objection to Plaintiff's
Motion for Preliminary Injunction" filed on December 2, 2004, in
Duquette v. Dolecal, et al., Civil No. 04-281-M, in which the
defendants state that Duquette was seeking a preliminary
injunction to stop interference with his mail.  The defendants
denied any interference with his mail and denied that he had
established interference with his mail in his federal habeas
case, the case pending here, as he apparently asserted.  The
defendants noted that the magistrate had determined that
Duquette's petition in the habeas case was time-barred, but that
the case remained pending because Duquette had objected to the
magistrate's report and recommendation.  Nothing in that filing
suggests a factual issue as to whether Duquette's petition was
timely filed.  Duquette's request is denied.

2

## Discussion

The court reviews those portions of the magistrate judge's report and recommendation to which the petitioner has objected under a de novo standard. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court considers the record anew without deference to the magistrate's conclusions. See, e.g., Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d, 1, 6 (D.R.I. 2004).

Duquette was convicted following a jury verdict on April 11, 1997, and he was sentenced in June of 1997. Counsel filed a notice of appeal to the New Hampshire Supreme Court on July 16, 1997. Duquette's appeal was handled by a series of appointed counsel, interspersed with Duquette's pro se filings, through October of 1999. At that time, Attorney Paul Haley was retained by Duquette's family to represent him. Duquette asserts that Haley was not responsive to him and that their relationship was acrimonious. Haley's motion to withdraw was granted in March of 2000, when counsel was again appointed to represent Duquette.

Despite being represented by counsel, Duquette worked with other inmates during the summer of 2000 to compose a pro se motion for a new trial. Duquette notes that the state court clerk and the court had previously refused his pro se filings. He contends that the pro se motion for a new trial was mailed to the Merrimack County Superior Court in September of 2000;

3

however, no such filing appears in the state court docket.  In his objection, Duquette states that he became aware in early 2001 that the state court would not act on his motion for a new trial.

The New Hampshire Supreme Court denied Duquette's pro se motion to hold the appeal in abeyance while he pursued his attempts to be granted a new trial.  On February 11, 2001, Duquette filed a motion, which was also signed by his appointed counsel, to withdraw his appeal.  The motion was granted by the New Hampshire Supreme Court on February 13, 2001.

On June 18, 2002, Duquette, proceeding pro se, filed a motion for a new trial.  The state objected to the motion, and further motion practice ensued.  On September 30, 2002, the state court denied Duquette's motion for a new trial, and his motion for reconsideration was denied on December 2, 2002.  Duquette filed a petition for habeas corpus in state court in July of 2003.  The state's motion to dismiss was granted on January 6, 2004.  Duquette's appeal was declined by the New Hampshire Supreme Court.  Duquette filed a petition in this court on February 12, 2004, and filed an amended petition on November 2, 2004.

Section 2244(d)(1) imposes a one-year limitation period for petitions brought under § 2254 that runs from the latest of four possible dates.  In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral

4

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Further, the time may be tolled in extraordinary cases to avoid a clear injustice, such as when circumstances beyond the petitioner's control have prevented a timely filing. Neverson, 366 F.3d at 42. A petitioner who relies on equitable tolling bears the burden of showing that it applies. Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2003).

Unless one of the exceptions provided in the statute were to apply, which is not the case here, the one-year period begins when the state court judgment becomes final either at the conclusion of direct review or the expiration of the time allowed for review. § 2244(d)(1)(A). When a petitioner has pursued an appeal through the highest state court, ninety days is added after the date that court's decision issued to account for the time allowed to seek review by the Supreme Court. David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003). If the petitioner stops the appellate process before judgment is entered by the highest state court, then his conviction is final for purposes of § 2244(d)(1)(A) when the time expires for any further state court review. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

In this case, Duquette filed a motion to withdraw his appeal on February 11, 2001. No further time was available for filing an appeal of his conviction. See N.H. Sup. Ct. R. 7. Since he

5

did not pursue his direct appeal to a final decision by the New Hampshire Supreme Court, he is not entitled to the extra time that would be allowed for seeking review by the Supreme Court. Therefore, the judgment on his conviction became final on February 13, 2001, when the New Hampshire Supreme Court granted Duquette's motion. He did not file his petition in this court until February of 2004.

Duquette argues that his motions for a new trial and for habeas relief in state court tolled the time to file his petition here. See § 2244(d)(2). His first motion for a new trial, which he contends he mailed in September of 2000, was never filed, and therefore does not trigger the application of § 2244(d)(2). Duquette was on notice that the state court would not, and apparently did not, accept his pro se filings while he was represented by counsel. He also admits that he knew the state court would not act on that motion by early 2001. Therefore, the first motion for a new trial does not provide grounds for tolling the limitations period under either § 2244(d)(2) or an equitable tolling theory.

The second motion for a new trial was filed on June 18, 2002, and the state habeas petition was filed in July of 2003, each more than one year after the judgment became final. Since nothing was pending during the year after the judgment became final, between February 13, 2001, and February 12, 2002, no state

6

court proceedings tolled the limitations period.  Duquette offers no other grounds for tolling.[1]

Duquette's petition for habeas relief was not timely filed in this court.  He has had notice that his petition was subject to dismissal on that ground and has had an opportunity to respond, which he has done.  Having reviewed Duquette's filings and the record he provided, the court finds no basis to toll the limitations period in this case.

## Conclusion

For the foregoing reasons, the petitioner's request to proceed on the merits (document no. 14) is denied.  The magistrate judge's report and recommendation (document no. 10) to dismiss the petitioner's petition for a writ of habeas corpus is adopted, as modified by this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 6, 2005
cc:  Randy J. Duquette, pro se

_____

[1]Duquette's asserted difficulties with mailing do not provide equitable grounds for tolling.  Even if the prison failed to mail his first motion for a new trial, causing it not to have been filed with the court in September of 2000, Duquette does not suggest that he made any effort to check  with the court on the progress of that motion, and he also admits that he knew by early 2001 that the court would not act on the motion.

7